UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO.

FILED

2010 MAY -6 PM 2: 15

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

6:10-cv-712-ORL-18KRS

21st CENTURY INSURANCE COMPANY,
F/K/A AIG PREMIER INSURANCE COMPANY,

    Plaintiff,

v.

RLI INSURANCE COMPANY and
KENNETH P. JOHNSON, individually,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

The Plaintiff, 21ST CENTURY INSURANCE COMPANY, F/K/A/ AIG PREMIER INSURANCE COMPANY, (hereinafter "AIG PREMIER") by and through its undersigned counsel, sues the Defendants, RLI INSURANCE COMPANY ("RLI") and KENNETH P. JOHNSON, a/k/a KENNETH PAUL JOHNSON, for declaratory relief, and states:

### PRELIMINARY ALLEGATIONS

### (JURISDICTION AND VENUE)

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201. Jurisdiction is predicated on 28 U.S.C. §1332 in that the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states.

2. The Plaintiff, AIG PREMIER, is a foreign corporation, incorporated in Pennsylvania with its principal office at 3 Beaver Valley Road, Wilmington, DE 19802 and is licensed to do business in the State of Florida. On April 1, 2010, the name of AIG PREMIER INSURANCE COMPANY was changed to 21st CENTURY INSURANCE COMPANY.

3. The Defendant, RLI, is a foreign corporation, organized and existing under the laws of Illinois, with its principal place of business at 9025 N. Lindberg Drive, Peoria, Illinois, 61615-1431 and is licensed to do business in the State of Florida.

4. At all times material, the Defendant, KENNETH P. JOHNSON, was and is a citizen of the State of Florida, permanently residing in Volusia County, Florida, and the cause of action sued upon in the Complaint against KENNETH P. JOHNSON in the underlying action arose in and is pending in Volusia County, Florida.

## GENERAL FACTS

5. Scott Phillip Johnson, as Plaintiff, filed a Complaint in the Circuit Court of Volusia County, Florida, seeking damages "in excess of $100,000, exclusive of interest and costs" in connection with a motor vehicle accident which occurred on October 21, 2009, in Volusia County, Florida. In his complaint, Scott Phillip Johnson alleged that Defendant, KENNETH P. JOHNSON, negligently and carelessly operated his motor vehicle, causing it to collide with a motorcycle operated by SCOTT PHILLIP JOHNSON and resulting in permanent injuries to

SCOTT PHILLIP JOHNSON [A true and correct copy of the Complaint of SCOTT PHILLIP JOHNSON is attached hereto as Exhibit "A."]

6. At the time and place of the subject accident, KENNETH P. JOHNSON, a/k/a KENNETH PAUL JOHNSON, maintained a policy of primary automobile liability insurance with GEICO with bodily injury liability limits of $300,000 CSL and those limits have been tendered by GEICO to Plaintiff, SCOTT PHILLIP JOHNSON.

7. At the time and place of the subject accident, KENNETH P. JOHNSON, a/k/a KENNETH PAUL JOHNSON, also maintained a personal umbrella liability insurance policy with RLI (policy No. PUP 1085138) for the policy period of January 15, 2009 – January 15, 2010, providing coverage of $1,000,000 for each occurrence in excess of underlying automobile bodily injury liability insurance limits of $300,000. [A true and correct copy of the RLI Personal Umbrella Liability Policy is attached hereto as Exhibit "B."]

8. The RLI Umbrella Liability Insurance Policy contains an "other insurance" condition, which provides as follows:

### PART VII – OTHER CONDITIONS

> H. *Other Insurance.* There may be other collectible insurance, in addition to the Basic Policies, covering a claim which is also covered by this policy. If this occurs, the other insurance will pay first and this policy will respond in excess of, and not contribute with, the other insurance.

9. At the time and place of the subject accident, KENNETH P. JOHNSON, a/k/a KENNETH PAUL JOHNSON was also an additional insured under a policy

of Group Personal Umbrella Liability Insurance issued by Plaintiff, AIG PREMIER, to named insured, Price Waterhouse Coopers, LLP, (Policy No. 6839359) for the policy period July 1, 2009 – July 1, 2010 with limits of $1,000,000 in excess of underlying automobile bodily injury liability insurance limits of $250,000/$500,000 for each occurrence or $300,000 combined single limit for each occurrence. [A true and correct copy of the AIG PREMIER Group Personal Umbrella Liability Insurance Policy is attached hereto as Exhibit "C."]

10. The AIG PREMIER policy also contains a condition entitled "Other Insurance" which provides as follows:

### PART VII – OTHER CONDITIONS

J.   **Other Insurance.**

If other valid and collectible insurance applies to a loss that is also covered by this Policy, and subject to the Limits of Insurance Section of this Policy, this Policy shall apply excess of the other insurance, whether this other insurance is primary, excess, contingent, or issued on any other basis. This provision, however, shall not apply if the other insurance is specifically written to be excess of this Policy.

### COUNT FOR DECLARATORY RELIEF

The Plaintiff, AIG PREMIER, realleges and incorporates herein the prior allegations of this Complaint.

11. A dispute has arisen between AIG PREMIER and RLI as to whether the above-referenced "Other Insurance" clauses in the AIG PREMIER and RLI policies require AIG PREMIER and RLI to prorate their coverage for KENNETH P. JOHNSON, a/k/a KENNETH PAUL JOHNSON, or whether the policy limits of

the RLI policy must be exhausted before the AIG PREMIER policy is required to contribute any coverage for the liability of KENNETH P. JOHNSON to SCOTT PHILLIP JOHNSON, if any, in connection with the subject automobile accident. AIG PREMIER takes the position that its "other insurance" clause is what is referred to as a "super escape" or "excess over excess insurance" clause which means that the coverage of the AIG PREMIER policy does not come into play until all other applicable liability insurance has been exhausted.

12. RLI, on the other hand, takes the position that the "other insurance" clauses in the AIG PREMIER and RLI policies require proration between the carriers.

13. Due to the dispute between AIG PREMIER and RLI regarding the priority and proration of coverage issues raised by the competing "other insurance" clauses in the AIG PREMIER and RLI policies, Plaintiff, AIG PREMIER, is in doubt as to its rights and obligations under its umbrella policy and specifically as to whether its "other insurance" clause is a "super escape" or "excess over excess insurance" clause by virtue of which AIG PREMIER is not required to contribute any coverage with respect to the subject automobile accident unless and until the $1,000,000 limits provided by the RLI policy have been exhausted.

14. Due to the coverage dispute between AIG PREMIER and RLI, Plaintiff, AIG PREMIER, is in need of a declaration from the Court as to whether its "other insurance" clause is a "super escape" or "excess over excess insurance" clause which dictates that AIG PREMIER has no duty to contribute any coverage for the

liability of KENNETH P. JOHNSON in connection with the subject automobile accident, unless and until the $1,000,000 liability limits of the RLI policy have been exhausted or whether AIG PREMIER is required to prorate its coverage with that of RLI.

WHEREFORE, Plaintiff AIG PREMIER prays this Court will take jurisdiction of this matter and issue its declaration that the "other insurance" clause in its policy of insurance is a "super escape" or "excess over excess insurance" clause and that AIG PREMIER/21ST CENTURY INSURANCE COMPANY has no duty to contribute any coverage from its policy of insurance attached to the Complaint as Exhibit "C" unless and until the policy limits of the RLI personal umbrella liability policy attached to the Complaint as Exhibit "B" have been exhausted.

DATED this 5th day of May, 2010.

MARLOW, CONNELL, ABRAMS, ADLER, NEWMAN & LEWIS
*Attorneys for Plaintiff*
4000 Ponce de Leon Boulevard, Suite 570
Coral Gables, FL  33146
Telephone: (305) 446-0500
Facsimile : (305) 446-3667

By: _____
Philip E. Glatzer
Florida Bar No:  255564